Jeff Carruth (TX SBN: 24001846)
**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**
3030 Matlock Rd. Suite 201
Arlington, Texas 76105
Telephone: (713) 341-1158
Fax: (866) 666-5322
E-mail: jcarruth@wkpz.com

PROPOSED ATTORNEYS FOR
TONY ALTON PENNINGTON
DEBTOR AND DEBTOR IN POSSESSION

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 22-20025-RLJ-11 |
| TONY ALTON PENNINGTON, | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

### MOTION TO EMPLOY WEYCER, KAPLAN, PULASKI & ZUBER, P.C. AS ATTORNEYS FOR THE DEBTOR

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT J. MARVIN JONES FEDERAL BUILDING, 205 SOUTHEAST FIFTH AVE., RM 133, AMARILLO, TEXAS 79101-1559 BEFORE CLOSE OF BUSINESS ON <u>MARCH 4, 2022</u>, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

**TO THE HONORABLE ROBERT L. JONES, U.S. BANKRUPTCY JUDGE:**

Tony Alton Pennington, debtor and debtor in possession ("Pennington" or the "Debtor"), files this *Motion to Employ Weycer, Kaplan, Pulaski & Zuber, P.C. as Attorneys for the Debtor* (the "Motion to Employ WKPZ") seeking entry of an order authorizing the employment of

Weycer, Kaplan, Pulaski, & Zuber, P.C. ("WKPZ") as the attorneys for the Debtor in this Chapter 11 reorganization case nunc pro tunc to the petition date of February 11, 2022. In support of this Motion to Employ WKPZ, the Debtor submits the *Declaration of Jeff Carruth*, an attorney at WKPZ (the "Carruth Declaration"), attached hereto as **Exhibit PEN001** and incorporated herein by reference.

### I. Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion to Employ WKPZ under the provisions of 28 U.S.C. §§ 1334 and 157. This matter involves the administration of a bankruptcy estate and, thus, is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. Introduction

2. The Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101 et seq. (the "Code" or the "Bankruptcy Code") on February 11, 2022 (the "Petition Date").

### III. Relief Requested

3. Subject to approval of this Court, the Debtor has employed WKPZ, effective as of the January 28, 2022 for prepetition preparation and effective as of the Petition Date for the prosecution of this case, as his counsel in connection with the prosecution of this case under Chapter 11.

4. Pursuant to Code § 327(a), the Debtor requests that the Court approve the employment of WKPZ as his counsel to perform the legal services for the Debtor in this Chapter 11 case.

5. A proposed form of order is submitted with this Motion to Employ WKPZ and is incorporated by reference herein.

## IV. Qualifications of WKPZ

6. The Debtor has selected WKPZ because of WKPZ's extensive experience and knowledge in the field of Debtor' and creditors' rights and business reorganizations under Chapter 11 of the Code, and his knowledge of the local practice and procedures of this Court. In preparing for entry into these Chapter 11 cases, WKPZ has become generally familiar with the business of the Debtor. Accordingly, the Debtor believe that WKPZ has the necessary background to deal effectively with the legal issues that may arise during this Chapter 11 case, and that WKPZ is qualified and able to represent the Debtor in the Chapter 11 case.

## V. Services to be Provided by WKPZ

7. The services of WKPZ are necessary to enable the Debtor to execute faithfully their duties as Debtor in possession and to develop, propose, and confirm a plan of reorganization.

8. Subject to further order of this Court, WKPZ will render, *inter alia*, and without limitation, the following professional services:

   (a) advise the Debtor of the rights, powers, duties, and obligations of the Debtor as debtor and debtor-in-possession in this Chapter 11 case;

   (b) take all necessary actions to protect and preserve the estates of the Debtor, including the prosecution of actions on the Debtor's behalf, the defense of actions commenced against the Debtor, the negotiation of disputes in which the Debtor are involved, and the preparation of objections with respect to claims that are filed against the estate;

   (c) to the extent necessary, assist the Debtor in the investigation of the acts, conduct, assets, and liabilities of the Debtor, and any other matters relevant to the case;

   (d) investigate and potentially prosecute preference, fraudulent transfer, and other causes of action arising under the Debtor's avoidance powers and/or which are property of the estate;

      (e)    prepare on behalf of the Debtor, as debtor-in-possession, all necessary motions, applications, answers, orders, reports, and papers in connection with the representation of the Debtor and the administration of the estates and this Chapter 11 case;

      (f)    negotiate, draft, and present on behalf of the Debtor a plan for the reorganization of the Debtor's financial affairs, and the related disclosure statement, and any revisions, amendments, and so forth, relating to the foregoing documents, and all related materials; and

      (g)    perform all other necessary legal services in connection with this Chapter 11 case and any other bankruptcy-related representation that the Debtor require.

9.    WKPZ will not advise the Debtor with respect to nor render opinions regarding tax matters or securities matters.

10.    WKPZ will not advise the Debtor with respect to any family law or marital property matters.

### VI. Disclosure Concerning Conflicts of Interest or Prior Relationships

11.    To the best of the Debtor's knowledge, information, and belief, other than as set forth herein and/or in the Carruth Declaration and in connection with this case, WKPZ has no connection with the Debtor's creditors, the United States Trustee, or any other party with an actual or potential interest in this case or his respective attorneys or accountants. .

12.    To the best of the Debtor's knowledge, information, and belief, WKPZ represents no other interest adverse to the Debtor's or his estate. The Debtor believe and represents that, to the best of his knowledge, WKPZ is a "disinterested person" as that term is defined in Code §101(14).

13.    The Debtor submits that his employment of WKPZ would be in the best interests of the Debtor, the respective estates, and all creditors. The Debtor's knowledge, information, and belief regarding the matters set forth herein are based and made in reliance upon the Carruth Declaration.

## VII. Payment of Fees and Expenses

14. Subject to the Court's approval, WKPZ will charge for his legal services on an hourly basis in accordance with his ordinary and customary hourly rates as in effect on the date services are rendered. The current minimum hourly rates for the primary attorney who will be performing substantially all of the services to the Debtor are listed below.

| | |
|---|---|
| Jeff Carruth, Shareholder: | $525.00 |
| Other Shareholders | $525or less |
| Associates | $300.00 or less |
| Paralegals: | $150.00 |

These rates may change from time to time in accordance with WKPZ's established billing practices and procedures. Also, notably, WKPZ will not charge for non-working travel time with respect to his representation of the Debtor.

15. Additional attorneys and/or paralegals of WKPZ may perform services from time to time under the employment sought to be approved this Motion to Employ WKPZ.

16. WKPZ will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered.

17. In addition to compensation for professional services rendered, WKPZ shall seek reimbursement for reasonable and necessary expenses incurred in connection with this proceeding, including, but not limited to, filing fees, deposition and other transcript costs, Lexis/Westlaw, PACER and other electronic research, data management and/or download products, mileage and other travel expenses, long distance and fax charges, messenger services, postage, and reproduction costs.[1]

---

[1] The Debtor may undertake direct payment of reproduction and mailing costs associated with these cases in the ordinary course; however, it also possible that WKPZ shall incur such expenses.

18. On January 28, 2022, the Debtor executed and delivered the engagement letter to WKPZ.

19. On January 27, 2022, and prior to the filing of the voluntary petition, WKPZ received $10,000.00 from Pennington, from which funds the filing fee was paid.

20. WKPZ may request additional, post-petition retainers from the Debtor and/or an insider of the Debtor depending on the circumstances which may arise in this case and only in the event that such retainers would not cause WKPZ to lose his disinterested status in this matter.

### VIII. Fee Applications and Interim Payments

21. WKPZ intends to periodically apply to this Court for payment of interim compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines promulgated by the Office of the United States Trustee and the local rules and orders of this Court, and pursuant to any additional procedures that may be established by this Court in this case.

### IX. Conclusion

22. Debtor believes that the employment of WKPZ will be in the best interest of the estate and, accordingly, Debtor requests that WKPZ be employed as counsel for Debtor.

WHEREFORE, based upon the foregoing, the Debtor respectfully requests that this Court enter an order (a) authorizing the Debtor to retain and employ WKPZ as his counsel in this Chapter 11 case effective nunc pro tunc as of the petition date of February 11, 2022 pursuant to Code § 327(a), and (b) granting such other and further relief as the Court may deem just and proper.

Dated: February 11, 2022

**APPROVED:**

                                           */s/ Tony Alton Pennington*
                                           Tony Alton Pennington

Proposed Counsel to the Debtor and
Debtor in Possession:
**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**
Jeff Carruth (SBT #24001846)
3030 Matlock Rd., Suite 201
Arlington, TX 76015
(713) 341-1158
(866) 666-5322 (fax)
E-mail: jcarruth@wkpz.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served on February 11, 2022 to all parties appearing in the attached service list.

                                           */s/ Jeff Carruth*
                                           JEFF CARRUTH

| SERVICE LIST | Case No. 22-2002-RLJ-11 | In re: Tony Alton Pennington | | | | | |
|---|---|---|---|---|---|---|---|
| Name | Address1 | Address2 | City | State | Zip | Email | Method of Service / Comment |
| Ally Financial | AIS Portfolio Services, LP | 4515 N Santa Fe Ave. Dept. APS | Oklahoma City | OK | 73118-7902 | | Regular mail |
| Ally Financial | Attn: Bankruptcy | PO Box 380901 | Bloomington | MN | 55438-0902 | | Regular mail |
| American Express National Bank | c/o Becket and Lee LLP | PO Box 3001 | Malvern | PA | 19355-0702 | | Regular mail |
| Amex | Correspondence/Bankruptcy | PO Box 981540 | El Paso | TX | 79998-1541 | | Regular mail |
| Attorney General | Texas Child Support SDU | PO Box 659791 | San Antonio | TX | 78265-9792 | | Regular mail |
| Blue Juniper Trust | Systems & Services Technologies, Inc. | 4315 Pickett Road, | St. Joseph | MO | 64503-1601 | | Regular mail |
| Capital One | Attn: Bankruptcy | PO Box 30285 | Salt Lake City | UT | 84130-0286 | | Regular mail |
| Davis Law Firm | 1600 Lomas Blvd | | Albuquerque | NM | 87102-2713 | | Regular mail |
| Ford Motor Credit Corporation | PO BOX 62180 | | COLORADO SPRINGS | CO | 80962-2182 | | Regular mail |
| Hopper Pump & Drilling | 1002 Pine Hodge Rd | | Roswell | NM | 88201-9440 | | Regular mail |
| Internal Review Service | PO Box 7346 | | Philadelphia | PA | 19101-7346 | | Regular mail |
| Lincoln Automotive Fin... | Attn: Bankruptcy | PO Box 542000 | Omaha | NE | 68154-8001 | | Regular mail |
| New Mexico Tax & Revenue Dept | 1100 S St Francis Dr | | Roswell | NM | 88203 | | Regular mail |
| Rachel Pennington | 3803 Lynette Dr | | Amarillo | TX | 79109-5637 | [reserved] | Direct email |
| Terra Abellana | 1890 County Road 1790 | | Sunset | TX | 76270-5329 | | Mail |
| Terra Abellana | c/o Blackwell Law Fir, LLP | 703 S. Van Buren | Amarillo | TX | 79101-2236 | legalbf@blackwellfirm.net | Direct email |
| Tony Alton Pennington | 3803 Lynette Dr | | Amarillo | TX | 79109-5635 | [reserved] | Direct email |
| United States Trustee | 1100 Commerce Street | Room 976 | Dallas | TX | 75242-0997 | | ECF |
| | SubChapter V Trustee | | | | | TBD | TBD |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 22-20025-RLJ-11 |
| TONY ALTON PENNINGTON, | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

### DECLARATION OF JEFF CARRUTH IN SUPPORT OF MOTION TO EMPLOY WEYCER, KAPLAN, PULASKI & ZUBER, P.C. AS ATTORNEYS FOR THE DEBTOR

Pursuant to 28 U.S.C. § 1746, Jeff Carruth, hereby declares the following under penalty of perjury of the laws of the United States that the following statements are true and correct.

1. My name is Jeff Carruth. I am more than twenty-one (21) years of age and am competent and authorized to make this declaration. I have personal knowledge of the facts set forth herein and they are true and correct.

2. I have been licensed to practice law in the State of Texas since 1997. I am admitted to practice law and am in good standing in multiple jurisdictions including all of the federal district courts in Texas, Oklahoma, and Arkansas as well as at least the following districts and courts: the District of Colorado, the Central District of Illinois, and the Fifth Circuit Court of Appeals. I also hold ECF filing privileges in the bankruptcy courts of at least one dozen other districts.

3. I am an attorney with the law firm of Weycer, Kaplan, Pulaski & Zuber, P.C. ("WKPZ"). I and WKPZ have been requested by the above-captioned debtor and debtor in possession (the "Debtor") to represent it in this Chapter 11 case.

4. This declaration was prepared and is being submitted as an exhibit to the *Motion to Employ Weycer, Kaplan, Pulaski & Zuber, P.C. as Attorneys for the Debtor* (the "Motion to Employ WKPZ"). I have read the Motion to Employ WKPZ and WKPZ agrees to the terms of employment set forth therein.

5. The above-captioned Debtor desire to employ WKPZ to provide general legal services as needed throughout the course of this case. The legal services that WKPZ will render to the Debtor may be summarized as follows:

(a) advise the Debtor of the rights, powers, duties, and obligations of the Debtor as debtor and debtor-in-possession in this Chapter 11 case;

(b) take all necessary actions to protect and preserve the estates of the Debtor, including the prosecution of actions on the Debtor's behalf, the defense of actions

commenced against the Debtor, the negotiation of disputes in which the Debtor are involved, and the preparation of objections with respect to claims that are filed against the estate;

(c) to the extent necessary, assist the Debtor in the investigation of the acts, conduct, assets, and liabilities of the Debtor, and any other matters relevant to the case;

(d) investigate and potentially prosecute preference, fraudulent transfer, and other causes of action arising under the Debtor's avoidance powers and/or which are property of the estate;

(e) prepare on behalf of the Debtor, as debtor-in-possession, all necessary motions, applications, answers, orders, reports, and papers in connection with the representation of the Debtor and the administration of the estates and this Chapter 11 case;

(f) negotiate, draft, and present on behalf of the Debtor a plan for the reorganization of the Debtor's financial affairs, and the related disclosure statement, and any revisions, amendments, and so forth, relating to the foregoing documents, and all related materials; and

(g) perform all other necessary legal services in connection with this Chapter 11 case and any other bankruptcy-related representation that the Debtor require.

6. WKPZ will not advise the Debtor with respect to nor render opinions regarding tax matters or securities matters.

7. WKPZ will not advise the Debtor with respect to nor render opinions regarding any family law or marital property matters.

8. Subject to the Court's approval, WKPZ will charge the Debtor for legal services on an hourly basis in accordance with his ordinary and customary hourly rates that are in effect on the date services are rendered.

9. The current minimum hourly billing rates for the attorney who will be providing substantially all of the services to the Debtor in this case are as follows.

| | |
|---|---|
| Jeff Carruth, Shareholder: | $525.00 |
| Other Shareholders | $525.00 or less |
| Associates: | $300.00 or less |
| Paralegals: | $150.00 |

10. In addition to compensation for professional services rendered, WKPZ shall seek reimbursement for reasonable and necessary expenses incurred in connection with this proceeding, including, but not limited to, filing fees, deposition and other transcript costs, Lexis/Westlaw, PACER and other electronic research, data management and/or download products, mileage and other travel expenses, long distance and fax charges, messenger services, postage, and reproduction costs.

11. Also, notably, WKPZ will not charge for non-working travel time with respect to his representation of the Debtor.

12. On January 28, 2022, the Debtor executed and delivered the engagement letter to WKPZ.

13. On January 27, 2022, and prior to the filing of the voluntary petition, WKPZ received $10,000 from Pennington, from which funds the filing fee was paid.

14. WKPZ may request additional, post-petition retainers from the Debtor and/or an insider of the Debtor depending on the circumstances which may arise in this case and only in the event that such retainers would not cause WKPZ to lose his disinterested status in this matter.

15. WKPZ understands that compensation for services rendered to the Debtor and reimbursement of expenses will be subject to interim and final allowance by this Court pursuant to a fee Motion to Employ WKPZ to be filed by WKPZ.

16. I have reviewed the records of WKPZ to determine the existence of any interest held or represented by WKPZ that is adverse to the Debtor's estate or his creditors. Based on that review, I am informed and believe that:

(a) WKPZ is not and was not a creditor of the Debtor in this case and is not and was not an equity security holder or an insider of the Debtor;

(b) within two years before the Petition Date, no one at WKPZ was a director, officer, or employee of the Debtor;

(c) WKPZ does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

17. Based on that review, WKPZ does not have any relationship to or connection with or interest in (i) the United States Trustee or any person employed by the office of the United States Trustee or (ii) any attorneys, accountants, financial consultants, and investment bankers who represent or may represent claimants or other parties in interest in this case.

18. Except as provided below, WKPZ does not represent any creditors or other parties-in-interest in this case.

(a) *No known prior connections or conflicts.*

19. To the best of the Debtor's knowledge, information, and belief, other than as set forth in the Carruth Declaration and in connection with this case, WKPZ has no connection with the Debtor's creditors, the United States Trustee, or any other party with an actual or potential interest in this case or his respective attorneys or accountants.

20. Consistent with his professional responsibility, WKPZ has evaluated potential conflicts of interest and believes that none exist, except as disclosed herein. If, and when, additional information with respect to any other relationships which may exist between WKPZ, his shareholders, principals, and staff members and the Debtor or any other party in interest in this case arises, supplemental declarations describing such information shall be filed with the Court.

21. Accordingly, except as set forth herein, and based upon the information available to me, neither I, WKPZ, nor any shareholder or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or his estate in the matters upon which WKPZ is to be employed. Based upon the information available to me, I believe that WKPZ is a "disinterested person" as that term is defined in Code §101(14).

22. No promises have been received by WKPZ, or by any employee thereof, to receive compensation in this case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules of Procedure, and the Local Bankruptcy Rules. No one employed at WKPZ has agreed to share compensation received in this case with any other person or entity not a member or regular associate of WKPZ.

FUTHER DECLARANT SAYETH NOT

DATED: February 11, 2022     Respectfully Submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
By: /s/ Jeff Carruth
    JEFF CARRUTH
    State Bar No. 24001846
    3030 Matlock Rd., Suite 201
    Arlington, Texas 76015
    Phone: (713) 341-1058
    Facsimile: (866) 666-5322
    jcarruth@wkpz.com

PROPOSED ATTORNEYS FOR
TONY ALTON PENNINGTON
DEBTOR AND DEBTOR IN POSSESSION

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 22-20025-RLJ-11 |
| TONY ALTON PENNINGTON, | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

**ORDER GRANTING MOTION TO EMPLOY WEYCER, KAPLAN, PULASKI & ZUBER, P.C. AS ATTORNEYS FOR THE DEBTOR (RE: DOCKET NO. 2)**

On this day came on for consideration the *Motion to Employ Weycer, Kaplan, Pulaski & Zuber, P.C.* (Docket No. 2) (the "Motion to Employ WKPZ") of Tony Alton Pennington, debtor and debtor in possession (the "Debtor"), filed on February 11, 2022 in the above-styled and numbered case(s), seeking approval of the employment of the firm of Weycer, Kaplan, Pulaski, & Zuber, P.C. ("WKPZ") as his counsel as more particularly set forth in the Motion to Employ WKPZ and Declaration on file in this case. The Court finds that the Motion to Employ WKPZ contained the appropriate notice and was served upon the parties contained within the Master Service List of the Debtor. No objections to the Motion to Employ WKPZ were filed. Upon review of the Motion to Employ WKPZ, it appears to the Court that the proposed professional is "disinterested" as that term is defined in Code §101(14) and that the proposed professional represents or holds no interest adverse to the Debtor.

**IT IS THEREFORE ORDERED** that the Motion to Employ WKPZ is GRANTED and that the Debtor is authorized to employ WKPZ as attorneys to the Debtor and the related Chapter 11 estate(s) pursuant to 11 U.S.C. § 327(a), *nunc pro tunc* and effective as of February 11, 2022,

as set forth in the Motion to Employ WKPZ, with all fees payable with such compensation as may be awarded by the Court upon proper motion or application.

###

*Order submitted by:*

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
By: */s/ Jeff Carruth*
    JEFF CARRUTH
    State Bar No. 24001846
    3030 Matlock Rd., Suite 201
    Arlington, Texas 76015
    Phone: (713) 341-1058
    Facsimile: (866) 666-5322
    jcarruth@wkpz.com

PROPOSED ATTORNEYS FOR
TONY ALTON PENNINGTON
DEBTOR AND DEBTOR IN POSSESSION

**ORDER GRANTING MOTION TO EMPLOY WEYCER, KAPLAN, PULASKI & ZUBER, P.C. AS ATTORNEYS FOR THE DEBTOR (RE: DOCKET NO. 2) — Page 2**

2100281[4]